IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-1907-WJM-MJW

VICTORIA LYNN MILLER,

    Plaintiff,

v.

AAA COLORADO INC., f/k/a ROCKY MOUNTAIN MOTORISTS, INC.,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER** [ Docket No. 17-1 ]

---

Plaintiff and Defendant in this litigation (collectively, the "parties"), having shown that discovery in this case might include the disclosure of Confidential Information (as defined below), and further that the disclosure of such Confidential Information or use of such Confidential Information outside this litigation may cause annoyance, embarrassment and oppression for the parties and for third parties. The Court ORDERS as follows:

    1.    <u>Confidential Information</u>. For the purposes of this Stipulated Protective Order (the "Order"), the term "Confidential Information" is defined as (a) Personal Health Information ("PHI") as defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") and the regulations issued by the United States Department of Health and Human Services implementing HIPAA, belonging to or about Plaintiff or any nonparty; (b) Plaintiff's and Defendant's personal information, including financial information and employment information and personnel records maintained by Defendant; and (c) Defendant's proprietary,

sensitive, business, personal, client, or personnel information. "Confidential Information" shall include all covered information in any form, including documents and things incorporating or reflecting Confidential Information including copies, summaries, abstracts, notes, derivatives, electronic information, photographs, negatives, blow-ups, exhibits, and similar things. No item shall qualify as Confidential Information after it has been disclosed in a printed publication or other public medium available to the public or trade by reason of dissemination by one having the right to do so, or is generally known throughout the trade and public, or is or comes to be known to the receiving party through means not constituting breach of any proprietary or confidential relationship or obligation or through breach of this Order. However, unless and until such time as the Court rules or the producing party agrees that the information shall not be treated as Confidential Information in accordance with Paragraph 2, below, the designation of information as Confidential Information in accordance with Paragraph 3, below, shall be honored by all persons receiving such information in accordance with this Order. Nothing in this Stipulated Protective Order shall waive or modify the terms of any contract prohibiting the use or disclosure of confidential information obtained during the course of Plaintiff's employment by Defendant.

      2.     <u>Exception from this Order</u>. This Stipulated Protective Order's limitations on the use and disclosure of Confidential Information shall not apply to any document, transcript, or thing that the Court rules or the party who designated a document as containing Confidential Information agrees in writing that such document or information shall not be treated as Confidential Information.

3. <u>Designations</u>. Any information produced, orally or written, in this litigation at any time either voluntarily or pursuant to court order, that is asserted in good faith by the producing party or non-party to contain or constitute Confidential Information shall be so designated by such producing party or non-party, as follows:

a. A producing party or non-party, prior to or coincident with supplying copies of documents and things requested by the inspecting party, shall designate such copies as containing Confidential Information by clearly and prominently marking on their face at the time of production, including each designated page of a multi-page document, the legend "CONFIDENTIAL," or shall otherwise advise the receiving party in writing as to the confidentiality of such documents or things at the time of production. In the event that a document containing Confidential Information is produced without designation, either party may designate the document as Confidential by giving notice to the other party.

b. If a written response to a discovery request, such as an interrogatory, contains Confidential Information, the written response shall be marked with "CONFIDENTIAL," or the receiving party otherwise shall be previously or simultaneously advised in writing of its status as Confidential Information. Discovery responses containing Confidential Information may be served in a separate document, if desired.

c. If Confidential Information is contained in a deposition, hearing, or other testimony, the transcript or portions thereof may be designated as containing Confidential Information in accordance with this Order by so notifying the other parties on the record,

3

at the time of the testimony, or by notifying the other parties in writing, within thirty (30) days after receipt of the transcript by the producing party or non-party, of the specific pages and lines of the transcript that contain such Confidential Information. Except for information not qualifying as Confidential Information under Paragraph 1, all transcripts of hearings, depositions, or other testimony, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing Confidential Information and subject to this Order until the time for designation has expired.

        d.      The Court retains discretion as to whether to afford confidential treatment to any document or information contained in any document submitted to the Court.

4.      <u>Certification Requirements</u>. Any designation of information as Confidential Information under this Order and any challenge(s) to any designation of confidentiality are subject to the certification requirements set forth in Fed. R. Civ. P. 26(g)(1)(B). By designating information as Confidential, the counsel for the designating party certifies that the designation of the document as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection.

5.      <u>Submission to Court</u>. Confidential Information and all pleadings, motions, or other documents containing Confidential Information shall be filed with the Court in accordance with D.C.COLO.LCivR 7.2, and shall not be available for public inspection pending the Court's ruling on the motion to restrict access to the documents, things, or information. The designation as Confidential only affects how the receiving party or receiving party's counsel handles such documents or information. That is, the designation does not affect how the party or party's counsel who produces the document or information handles such documents or information apart

from designating such documents or information as Confidential pursuant to this Protective Order. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.

6.     Restrictions on Disclosure of Confidential Documents. Except with prior written consent of the party or non-party producing the Confidential Information, and except as provided elsewhere in this Order and subject to Paragraph 9, documents designated as Confidential Information under this Order, and all information contained in them or derived from them, may not be disclosed to any person other than:

a.     The parties, inside counsel for Defendant, outside counsel for the parties, and the partners, associates, and employees of such attorneys' law firms or legal departments;

b.     Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this lawsuit;

c.     Outside consultants and experts retained for the purpose of assisting counsel and the parties in their prosecution and/or defense of this lawsuit;

d.     Authors, addresses, and recipients of particular Confidential Information;

e.     Persons whom counsel for the parties believe in good faith to have, or have had, prior access to the particular Confidential Information, or who have been participants in a communication that is the subject of the particular Confidential Information and from whom verification of or other information about that access or participation is sought; provided that, unless and until counsel confirms that any such

persons have or have had access to or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

  f.  The Court and its employees, the triers of fact, court reporters transcribing testimony and notarizing officers; and

  g.  Deponents, witnesses, or potential witnesses; and

  h.  Any other persons the parties may jointly designate in writing,

For the purposes of this Order, the term "Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this Order or those documents; content, except as expressly authorized by this Order.

  7.  <u>Exchange of Expert Reports and Court Filings</u>. Expert reports exchanged by the parties and documents submitted to the Court prior to trial which contain Confidential Information and are designated as Confidential or with a similar legend may be shared with the persons listed in Paragraph 6, above.

  8.  <u>Deposition Transcripts</u>. A copy of this Order (or, in lieu thereof, an oral explanation, on the record, of its terms by counsel present at the deposition) shall be presented to the court reporter upon the taking of any deposition in this action at or prior to the time when any question is propounded involving Confidential Information.

  9.  <u>Further Restrictions on Access</u>. Confidential Information to be produced in accordance with the provisions of Paragraph 6 (c), (d), or (e) shall not be made available to any person under Paragraph 6 (c), (d), or (e) unless he or she has first executed an Undertaking in the form of Appendix 1 to this Order. Counsel for each party shall maintain a file containing the

original Undertakings executed by each individual from whom counsel obtained such an Undertaking.

10. Use of Confidential Information. All Confidential Information designated as such in accordance with the provisions of this Order shall be utilized solely and exclusively for purposes of this action, including any appeals. Information designated as Confidential Information may not be used in connection with any other litigation, actual or contemplated, or for any other purpose whatsoever, absent agreement by the parties or an order of this Court or of a Court having jurisdiction over the producing party or person. Use for purposes of this litigation shall include use in testimony and as exhibits at trial, and in connection with motions, depositions, witness preparation, and counsel pretrial investigations, subject to the restrictions of this Order. No party or person may give information designated as Confidential Information to any other person to use for purposes other than for this litigation. A party or non-party may use its, his, her, or their own designated Confidential Information for any purpose whatsoever.

11. Inadvertent Disclosures. Any item or information inadvertently furnished by the producing party or non-party during the course of this litigation without a designation as Confidential Information may nonetheless subsequently be designated as Confidential Information under this Order, but only under the conditions that counsel for the receiving party (a) subsequently receive(s) written notice from the producing party or non-party of the inadvertence and the request to thereafter treat such information as Confidential Information, and (b) has (or have) a reasonable opportunity to advise others to whom such information had already been disclosed that such information should thereafter be treated in accordance with this Order.

12. <u>Redactions Permitted</u>. Nothing in this Order shall prevent a party from redacting Sensitive Information from documents, including but not limited to documents containing Confidential Information, prior to production. For the purpose of this clause, the term "Sensitive Information" shall include (1) any person's social security number, (2) telephone numbers, home addresses, and other personal identifying information about third parties (e.g., customers, emergency contacts), (3) financial account numbers including, without limitation, bank account numbers; provided, however, that if a social security number is necessary to identify a person or is otherwise relevant to the case, that the producing party shall not redact the last four digits of the social security number and that if the name of a third party is relevant to the case, the producing party shall not redact the person's initials.

13. <u>Disputes as to Designations and Redactions</u>.

a. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion with the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In

connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

      b.     If a party to this Order believes that information was improperly or excessively redacted from a document, the party shall not file a Motion asking the Court to resolve the dispute without first satisfying the requirements of D.C.COLO.LCivR 7.1(A). More specifically, the party questioning the validity of the opposing party's redaction shall notify the producing party in writing, and they will thereupon confer as to the redaction and/or status of the subject information proffered with the context of this Order, and in so conferring shall consider withdrawing all of the redactions or the practicality of redacting fewer parts of the document.

      c.     In any disagreement over the designation of Confidential Information, the designating party bears the burden of showing that the designated information is Confidential Information within the scope of this Order.

      d.     No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation and shall not constitute an admission that any information is, in fact, Confidential Information.

      14.     <u>No Waiver</u>. Nothing in this Order or otherwise shall constitute a waiver of the right of any party to object to any discovery request, nor to object at trial as to the authenticity, competency, relevance, or admissibility of any information or to the fact that any Confidential Information has been so designated, nor shall constitute a waiver of any party's right to file a motion *in limine* to preclude the trier of fact from being advised of such designation during trial,

nor shall this Order, or actions taken or not taken pursuant to it, constitute an admission that designation of materials as Confidential Information is appropriate.

15. <u>Violation</u>. Any person executing or bound by an Undertaking in the form of Appendix 1 to this Order shall promptly advise counsel representing the party by whom they are employed or on whose behalf they have been retained if such person learns of a violation of this Order, and it will be the responsibility of such person to ensure that counsel inform counsel for all other parties of such violation. In addition, the person learning of a violation and counsel notified by that person shall have a duty to take immediate action to mitigate and remedy any such violation to the extent possible. Compliance with those specific provisions will not necessarily exempt any person, counsel, or party from sanction by the Court as a result of any violation of this Order.

16. <u>Modification</u>. The parties may, by stipulation, provide for exceptions to this Order. Any party may seek an order of this Court seeking relief from or otherwise modifying of furthering this Stipulated Protective Order upon good cause shown.

17. <u>Survival</u>. This Order shall survive the final termination of this action with respect to any designated Confidential Information. Within sixty (60) days following termination of this litigation, at the election of the producing party or non-party, the originals and all copies of designated Confidential Information shall be destroyed with certification of such destruction provided to counsel for the producing party, or shall be returned to the counsel for the party or non-party that produced such Confidential Information, except that counsel shall be entitled to retain all pleadings, disclosures, depositions, and discovery responses, as well as exhibits thereto and work product containing such information. This Court shall retain jurisdiction over this

Order, the foregoing stipulation, and the parties hereto for the purposes of enforcing said Order and stipulation, adjudicating claims of breaches of this Order, and administering damages and other remedies related to such breaches *until Termination of this case*.

18. <u>Trial</u>. Prior to a public trial of this action, the parties shall apply to the Court for such protection of Confidential Information as they deem necessary. The Court shall determine whether to grant protection of Confidential Information.

*MJW 9-23-13*

DATED at Denver, Colorado this 23rd day of September 2013.

BY THE COURT:

_____
Michael J. Watanabe
United States Magistrate Judge

Approved this 20th day of September 2013 by:

| | |
|---|---|
| s/ Rachel E. Ellis | s/ Elizabeth B. Chilcoat |
| Charlotte N. Sweeney | Emily F. Keimig |
| Rachel E. Ellis | Elizabeth B. Chilcoat |
| Sweeney & Bechtold LLC | Sherman & Howard L.L.C. |
| 650 South Cherry Street, Suite 650 | 633 17th Street, Suite 3000 |
| Denver, Colorado 80246 | Denver, Colorado 80202 |
| Telephone: (303) 865-3733 | Telephone: (303) 297-2900 |
| Facsimile: (3030 865-3738 | Facsimile: (303) 298-0940 |
| Email: cnsweeney@sweeneybechtold.com | Email: ekeimig@shermanhoward.com |
| Email: reellis@sweeneybechtold.com | Email: echilcoat@shermanhoward.com |
| Attorneys for Plaintiff | Attorneys for Defendant |

**APPENDIX 1**

UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

I, _____, have read or been advised of the terms of the Stipulated Protective Order, dated _____, entered in the case captioned Victoria Lynn Miller v. AAA Colorado, Inc., f/k/a Rocky Mountain Motorists, Inc., United States District Court for the District of Colorado, Civil Action No. 1:13-cv-1907. In Consideration of and for the disclosure to me of information designated CONFIDENTIAL, as defined in the Stipulated Protective Order, I agree as follows:

    I agree to be bound by the terms of the Stipulated Protective Order.

    I agree not to disclose or use any CONFIDENTIAL information disclosed to me for purposes other than those permitted under the Stipulated Protective Order.

    I consent to the jurisdiction of the United States District Court for the District of Colorado for the purposes of enforcement of the Stipulated Protective Order.

Signature: _____

Address: _____

_____

Date: _____